# IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| SCOTT BOWMAN AND CARRIE BOWMAN, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil No.   3:26-cv-115 |
| | ) | Judge Trauger |
| SAFECO INSURANCE COMPANY OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

The plaintiffs have filed a Motion to Remand (Doc. No. 12), to which the defendant has filed a Response (Doc. No. 17).

The plaintiffs filed a Verified Petition for Declaratory Judgment in the Chancery Court for Williamson County, Tennessee that contained a single "count" for declaratory judgment, requesting the appointment of a new umpire so that the resolution of their insurance claim could move forward (Doc. No. 1-1 at 4). Presumably as a protective matter, they included as their sixth request for relief that they be awarded "a judgment for damages against the Respondent to compensate for their damages and losses, plus interest, punitive damages, attorney's fees and costs." (Doc. No. 1-1 at 5).

The gravamen of this lawsuit is to secure the court appointment of a new umpire so that the plaintiffs' insurance claim under their homeowners insurance policy can be resolved through the appraisal process set out in the policy. (Doc. No. 1-1 at 50). This is not a lawsuit in which they are seeking to resolve the amount of their claim through the litigation process; the appraisal method for determining the amount of the claim has already been invoked. The defendant readily concedes

that the difference between the two appraisals is less than the $75,000 jurisdictional threshold for this court's diversity jurisdiction.

In *Freeland v. Liberty Mut. Fire Ins. Co*., the Sixth Circuit made clear that, in determining the amount in controversy in a declaratory judgment action (such as this), the court considers the "value of the consequences which may result from the litigation." 632 F.3d 250, 253 (6th Cir. 2011). The litigation filed by the plaintiffs in the Williamson County Chancery Court sought only the appointment by the court of an umpire so that the appraisal method of determining the amount of the loss could move forward.[1] The difference in the appraisals, the only matter to be resolved by the umpire, is less than the jurisdictional amount in this case. Therefore, the consequences that will result from the court's appointment of an umpire will only be a determination of an amount of loss that will not exceed $75,000. This case was improperly removed from state court.

For these reasons, the plaintiffs' Motion to Remand is GRANTED, and this case is remanded to the Chancery Court for Williamson, Tennessee, from which it was removed.

**IT IS SO ORDERED.**

ALETA A. TRAUGER
U.S. DISTRICT JUDGE

---

[1] The court construes the request for other relief as a protective move by the plaintiffs to avoid waiver of those elements of damage, which conceivably could be sought at a later time – not through the appraisal process, which only determines the amount of loss.